STATE OF CONNECTICUT *v.* RODNEY REED

CIRCUIT COURT                                    ELEVENTH CIRCUIT
                                              FILE No. CV-11-674-2796

Memorandum filed August 18, 1967

*Harold M. Mulvey,* attorney general, and *Francis J. MacGregor,* assistant attorney general, for the state.

*Charles S. Tarpinian,* of Willimantic, specially appeared for the defendant.

ARMENTANO, J.   The state, through its welfare commissioner, brings this action against the defendant, of Alva, Florida, to recover for financial assistance rendered and furnished the defendant's wife and four children.   In instituting the action, the state garnished funds in the hands of the defendant's Connecticut attorney.   It is agreed that the funds were recovered as a result of a workmen's compensation accident.   The defendant appeared specially and filed a plea in abatement, claiming that the court has no jurisdiction of the action because under § 31-320 of the General Statutes the garnished funds are exempt from attachment and execution and are not assignable before and after award.

The issue raised by the plea in abatement is whether the exemption statute, § 31-320, bars and prohibits the state from garnishment of workmen's compensation funds in an action to recover for financial aid and assistance rendered to the defendant's wife and four children.   The question of jurisdiction

depends on the determination of that issue. The residence of the defendant, as stated in the writ and summons, is in Florida. It is admitted that the defendant has no agent or attorney in Connecticut on whom service can be made.

Section 31-320 has never been interpreted by the Connecticut courts. The statute was passed not only to protect the recipient of compensation but also his beneficiaries, so as to prevent them from becoming public charges. See *Finkelstone* v. *Bridgeport Brass Co.*, 144 Conn. 470, 472; *Meade* v. *L. G. DeFelice & Son, Inc.*, 137 Conn. 292, 296. Courts have held that the primary purpose of exemption statutes is to protect the recipient and his dependents against pauperism, creditors' claims, or the recipient's own imprudence and to permit him or his dependents to obtain the necessities of life. *In re Todd's Estate*, 243 Iowa 930; *In re Lewis' Estate*, 287 Mich. 179, 186; *Matter of Dugan*, 29 Misc. 2d 980 (N.Y.).

Although there are no cases on the Connecticut workmen's compensation exemption statute, there are cases in other jurisdictions, brought under various similar exemption statutes. In cases of support furnished either by the state or by a wife to her children, the courts do not consider either of such plaintiffs as barred creditors where they seek to attach or garnish funds under various exemption statutes. In *In re Lewis' Estate*, supra, the court said: "The very purpose of a pension [veteran's] . . . is to provide support for the beneficiary and, in this proceeding for reimbursement, the State, under the statute, is asking no more than the pension was given to provide. We are not here concerned with actions by creditors seeking to turn the pension to satisfaction of their demands, but only with the question of reimbursement of the State for care and maintenance. Certainly the pension

protective law does not intend the fund for the welfare of the beneficiary and then, under restrictions thereof, after receipt by the beneficiary, prevent employment thereof for care and support of the pensioner." See *Wissner* v. *Wissner*, 338 U.S. 655, 659; *State* v. *Bean*, 159 Me. 455; *Dillard* v. *Dillard*, 341 S.W.2d 668 (Tex. Civ. App.).

The law interpreting the exemption statute and the social security laws also holds to the same effect. The federal statute (42 U.S.C. § 407) exempting social security payments did not protect such money from a claim by the commonwealth for reimbursement for payments made to the mother of six children as interim support for minors during the period in which her social security claim was being processed. *Klaric Petition*, 27 Pa. D. & C.2d 93; *Commonwealth* v. *Garlick*, 26 Pa. D. & C.2d 389; see *Harris* v. *District of Columbia*, 357 F.2d 593, 599 (dissenting opinion). Courts have also allowed the attachment of exempt seaman's wages for alimony and support of a wife and child although the federal law exempted assignment and attachment. *King* v. *King*, 45 Misc. 2d 149 (N.Y.). The welfare commissioner has been able to collect exempt funds from the United States post office retirement fund. *Dumpson* v. *Ward*, 24 App. Div. 2d 570 (N.Y.).

In the instant case, the welfare commissioner is obligated and compelled by law to support and render financial assistance and aid to a destitute wife and children, where the husband and father fails, refuses or is unable to support his wife and children. The commissioner, acting under a legal duty, has provided the necessary funds to the defendant's family so as to permit them to obtain the necessities of life. As such, he, as administrative agent of the plaintiff state, is not deemed to be a normal creditor and barred by the exemption statute.

It would be unrealistic to suppose that the legislature intended that the workmen's compensation fund cannot be garnished by the state for reimbursement for the care and maintenance of the defendant's family when the very purpose of the exemption statute was to provide support money to the recipient and his dependents.

Accordingly, the plea in abatement is overruled.