STATE of Iowa, Appellee,

v.

John Martin COBURN, Appellant.

No. 63588.

Supreme Court of Iowa.

July 16, 1980.

**58**

J. F. M. Samore, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, HARRIS and ALLBEE, JJ.

HARRIS, Justice.

May workers' compensation proceeds be considered on the question of the indigency of a criminal defendant? The trial court considered the benefits and on that basis found defendant's indigency had ceased to exist and we agree. However the trial court was authorized to apply that finding only toward fees thereafter earned by appointed counsel. There was no authority to direct the State to recoup from defendant the fees paid for his trial counsel.

Defendant received a life sentence upon his conviction of first-degree sexual abuse. On his own application his appeal from his conviction was stayed until this consolidated writ of certiorari and discretionary review could answer the question bearing on his indigency—and consequent availability of public funds to compensate his counsel.

On February 16, 1978, the same date defendant was charged, he filed an application for the appointment of an attorney to represent him at public expense. The application contained a financial statement and showed $100 as income from workers' compensation and no other income or assets. On the same date the public defender was appointed to represent him. On April 11,

1978, the name of the public defender was stricken as counsel for the defendant and the office of the public defender was appointed as defense counsel. On May 5, 1978, the public defender withdrew and J. F. M. Samore, who had previously acted as defendant's private attorney in the workers' compensation case, assumed the defense. *See* § 336A.7, The Code 1979. Trial to the jury followed and defendant was found guilty on April 26, 1979.

On May 3, defendant applied to maintain Samore as appointed counsel for his appeal at public expense. The State resisted, arguing that on April 30 defendant had received a settlement from a Nebraska workers' compensation claim and stood to receive a payment of $31,300. Ruling on May 15, the trial court found that defendant's workers' compensation settlement had not yet become final but that defendant expected a net recovery of $14,729 (after deducting $10,433 attorney's contingent fee and $6138 for hospital and medical expenses). This, the trial court found, would remove defendant from indigency under section 336A.4, The Code 1979. Defendant's attorney was directed to continue to apprise the court of the progress of the workers' compensation settlement. Ruling on the defendant's application for appellate counsel was reserved pending receipt of the $14,729.

On May 18, the defendant was sentenced to life imprisonment upon his conviction and filed his notice of appeal. Also on May 18 the trial court, on the basis of the prospective end of defendant's indigency, overruled defendant's application for representation on appeal. In addition the trial court denied Samore's claim for public compensation for his services at trial.

The State thereafter moved for an amendment of the trial court's ruling. Responding on June 11, the trial court ruled that Samore should attempt to recover from defendant first because defendant was then said to have received his workers' compensation settlement. Only upon refusal would public reimbursement be made. Public payment of defendant's expenses and fees on appeal was rejected in any event.

On June 19, the trial court completed its ruling, finding that defendant refused to pay the attorney's fees. Samore's fee for representation at trial was set at $4800 which the trial court directed paid by the clerk with assessment against defendant as costs. The county was authorized to pursue collection.

Defendant, having previously filed two applications with us for discretionary review, petitioned for certiorari. These proceedings were consolidated and all were granted July 18. Because of defendant's claimed indigency no transcript was prepared. Rather, defendant was authorized to prepare the statement of evidence which appears in the appendix.

I. Both Nebraska, chapter 48–149 Revised Statutes of Nebraska and Iowa, section 627.13, The Code 1979, provide by statute that workers' compensation proceeds are exempt from execution. Such a provision is quite typical. 31 Am.Jur.2d, Exemptions, § 117; 35 C.J.S. Exemptions § 51. These authorities indicate that the states are divided on the question of whether the exemption persists after the exempt compensation is actually collected or received by the injured employee. Because we rely on other grounds we need not resolve the question in deciding this appeal. *But see Long v. Northrup*, 225 Iowa 132, 279 N.W. 104, 116 A.L.R. 1475 (1938).

■ We believe that our focus should be on Iowa, not Nebraska, law.[1] We apply Iowa law because this is an Iowa proceeding in which the defendant challenges, on

---

1. Pursuant to Iowa R.Civ.P. 94 the defendant pled the Nebraska statute. Accordingly the trial court, and we, have judicially noted it. Rule 94 provides a less strict means of establishing foreign statutes than section 622.59, The Code 1979. According to the statute a printed copy of such statutes may be admitted in the courts of Iowa as presumptive evidence of such foreign statutes. Foreign law, other than statutory law, must be pled and proven as a matter of evidence. § 622.61, The Code; *Matter of Estate of Allen*, 239 N.W.2d 163, 168–69 (Iowa 1976); *Zeman v. Canton State Bank*, 211 N.W.2d 346, 349 (Iowa 1973).

the basis of a claimed exemption, an Iowa court ruling involving Iowa public funds. It is not controlling that Nebraska law might provide broader exemptions than Iowa law. 31 Am.Jur.2d, Exemptions, § 175; 35 C.J.S. Exemptions § 154.

■ The State contends, and we agree, that the exemption cannot be asserted against a governmental body acting in the supervision of public funds. We have often said that the purpose of workers' compensation laws was to benefit the worker and to that end to avoid litigation, lessen expense and to provide an efficient and speedy tribunal for the determination of awards. *See*, for example, *Stice v. Consolidated Ind. Coal Co.*, 228 Iowa 1031, 1038, 291 N.W. 452, 456 (1940). It is also said that the underlying purpose of benefiting the workers is to keep them from becoming destitute and public charges. 99 C.J.S. Workmen's Compensation § 5 p. 40; 81 Am.Jur.2d, Workmen's Compensation, § 2, p. 700. Accordingly, an exemption for workers' compensation benefits cannot prevail against a governmental body. *McDougald v. Norton*, 361 F.Supp. 1325, 1327 (D.C.Conn.1973); *United States v. Ocean Accident and Guarantee Corp.*, 76 F.Supp. 277, 278 (S.D.N.Y.1948); see annot. 31 A.L.R.3d 532, 544.

We reject defendant's argument that this appeal is controlled by the exempt nature of workers' compensation proceeds.

■ II. Defendant filed his statement on request for counsel in accordance with section 336B.3, The Code 1979. There is no claim it was false. *See* § 336B.5 (penalty for false financial statement). The trial court found he was then indigent and that finding remained in effect until when, following trial, defendant was found to have ceased being indigent.

The right to recoup attorney's fees paid in behalf of indigent criminal defendants is a matter of statute. *Woodbury County v. Anderson*, 164 N.W.2d 129, 132 (Iowa 1969). In *Anderson* we held, 164 N.W.2d at 135, that Iowa had no such recoupment statute. Chapter 336B deals with court-appointed counsel and contains a partial recoupment

statute the legislature adopted in response to our holding in *Anderson*. Included are not only indigent defendants but those financially able to secure counsel who refused to employ one. Our recoupment statute is addressed only to the second group, those financially secure criminal defendants who refuse to employ counsel:

> If a court finds that a person desires legal assistance, and is financially able to secure counsel but refuses to employ an attorney, the court shall appoint an attorney to represent such person at public expense. The attorney fee paid by the state or county in such cases shall be taxed as part of the court costs against the person receiving the legal assistance, and the state or county shall be reimbursed for said fee when the court costs are paid.

§ 336B.6. The limited scope of our recoupment statute was pointed out in *Sill v. District Court, Clayton County*, 184 N.W.2d 699, 701 (Iowa 1971) (concurring opinion), and in *State v. Rogers*, 251 N.W.2d 239 (Iowa 1977), both in the majority opinion, at page 241, and in the concurring opinion at 246–47. *See also Dole v. Harstad*, 278 N.W.2d 907, 910 (Iowa 1979).

From these holdings it is clear that the trial court lacked any common law or inherent power to direct recoupment against the defendant for attorney's fees incurred during the period of his indigency. It is likewise clear under the same holdings that neither section 336B.6 nor any other statute authorizes recoupment against an indigent defendant.

The trial court order directing an attempt to recoup against the defendant for attorney's fees incurred during the period of his indigency was in error.

■ III. There remains the question of the defendant's status following the trial court's finding that he was no longer indigent. We defined indigency under the statute in *Bolds v. Bennett*, 159 N.W.2d 425, 428 (Iowa 1968):

> In weighing that issue some criteria should be employed.

Factors ordinarily to be considered are, ready availability of, (1) real or personal property owned; (2) employment benefits; (3) pensions, annuities, social security and unemployment compensation; (4) inheritances; (5) number of dependents; (6) outstanding debts; (7) seriousness of the charge; and (8) any other valuable resources not previously mentioned.

*See* annot. 51 A.L.R.3d 1108.

Pointing to *Bolds*, defendant argues: "Conspicuously absent from these criteria is workers' compensation payments." He argues that, because they are not mentioned as criteria in *Bolds*, workers' compensation payments are excluded by implication. But we think the proceeds from the defendant's workers' compensation settlement constitute "other valuable resources" under the eighth criteria listed in *Bolds*. Its value as a resource and personal property is not affected by any claim, valid or otherwise, that it is exempt from execution. It is a valuable resource available to the defendant that bears on his ability to pay for his needs from his own resources. In *Schmidt v. Uhlenhopp*, 258 Iowa 771, 775, 140 N.W.2d 118, 121 (1966), we said indigency was determined on the basis of whether the accused was able to employ counsel. These proceeds obviously make defendant better able to employ counsel. The trial court was right in weighing the worker's proceeds as a factor in the determination of whether defendant continued to be indigent. The defendant's claim to the contrary is without merit.

We conclude that the trial court was right in its findings and conclusions with the exception previously noted. The trial court was in error only insofar as it directed the State to recoup from the defendant for attorney's fees paid in his defense during the period of his indigency. The judgment of the trial court is affirmed in part and reversed in part. The writ is correspondingly sustained in part and annulled in part. The case is remanded to the trial court for entry of an order on attorney's fees in conformance herewith.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.