No. 81-12

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA, ex rel., CROCKETT
S. HARRY,

Petitioner,

-vs-

DISTRICT COURT OF THE NINTH JUDICIAL
DISRICT OF THE STATE OF MONTANA, IN
AND FOR THE COUNTY OF GLACIER, et al.,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

John P. Moore argued, Cut Bank, Montana

For Respondent:

James C. Nelson argued, County Attorney, Cut Bank,
Montana
Mark Murphy argued, Asst. Atty. General, Helena,
Montana

---

Submitted: April 20, 1981

Decided: MAY 26 1981

Filed: MAY 26 1981

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an original proceeding wherein the petitioner seeks a writ of prohibition or other appropriate relief. Petitioner requests the relief from this Court in an attempt to vacate and annul certain orders of the respondent, Glacier County District Court, made and entered on November 17, 1980, in the case of State v. Crockett S. Harry, District Court Cause No. DC 80-24. After a hearing on the petition, the Court issues the following opinion.

In September 1979 petitioner Crockett S. Harry was injured in an industrial accident, entitling him to workers' compensation benefits. A lump sum settlement was eventually received from the State Workers' Compensation Division by petitioner on June 10, 1980. The proceeds of the settlement, amounting to $7,000, were deposited with the First National Bank in Cut Bank, Montana. The money has remained on deposit with the bank throughout this proceeding and has never been commingled with any other funds.

On November 2, 1980, petitioner was arrested and charged with deliberate homicide. He appeared with court-appointed counsel for arraignment on November 5, 1980. Upon interviewing petitioner, the District Court learned of the $7,000 certificate of deposit and, as a result, found that petitioner was not indigent and could employ his own attorney. The court advised petitioner to retain private counsel and that, if he chose to keep his court-appointed attorneys, he would be required to defray the costs of their appointment.

Petitioner, on November 17, 1980, again appeared with appointed counsel and advised the District Court that he was

unable to find an attorney who would take his case. The District Court at this time allowed for petitioner's continued representation by appointed counsel but with the proviso that he utilize the $7,000 certificate of deposit to reimburse Glacier County, Montana, for the fees and costs incurred in his defense. The court then issued an order directing the Cut Bank First National Bank not to cash the $7,000 certificate of deposit and ordering petitioner not to assign, hypothecate, pledge or in any manner liquidate the certificate without further order of the court.

On December 15, 1980, petitioner filed a motion to quash. The grounds for the motion were: (1) the order was made without any notice or opportunity to be heard; and (2) the $7,000 workers' compensation settlement is totally protected from any attachments, garnishments, assignments or debts. The District Court denied the motion, and the petition for relief was filed with this Court. Petitioner now seeks to vacate and annul the District Court's order seeking the $7000 certificate of deposit to be used to reimburse Glacier County for the costs of his appointed counsel.

The main thrust of petitioner's argument is that workers' compensation funds are exempt from being held liable in any manner for the debts of the recipient. Section 39-71-743, MCA, is pertinent in this regard and provides as follows:

> "Assignment or attachment of payments. No payments under this chapter [the Workers' Compensation Act] shall be assignable, subject to attachment or garnishment, or be held liable in any way for debts."

This section has yet to be interpreted by this Court.

We now conclude, however, that the provided exemption is absolute, allowing a blanket protection against claims of every kind, including the one at issue.

The underlying purpose and objective of workers' compensation legislation is to insure the injured worker that he will be compensated for disabilities caused by industrial accidents which, when added to his remaining earning ability, will enable him to function without being a burden to others. See Mahlum v. Broeder (1966), 147 Mont. 386, 412 P.2d 572; 1 Larson, The Law of Workmen's Compensation, § 2.50 at 11 (1978).

In accordance with this objective and to assure its maximum benefit for the injured worker, the Montana legislature has specifically provided that payment of a workers' compensation award shall be exempt from all forms of seizures. If this exemption is to now be liberally construed in favor of the worker, as mandated by section 39-71-104, MCA, it must be given effect as written, and the exemption must be deemed complete.

Respondent argues that the exemption does not extend to governmental entities seeking to recover public monies expended to support the injured worker. We acknowledge that this position has been upheld in other jurisdictions on the rationale that governmental entities should be granted the status of an "extraordinary" creditor so as to keep the injured worker from becoming a public charge. See State v. Coburn (Iowa 1980), 294 N.W.2d 57; McDougald v. Norton (D.C. Conn. 1973), 361 F.Supp. 1325. The cited cases, however, are not controlling, and we reject their application. We hold that the statutory exemption is total as to any and all

-4-

creditors, including a county governmental entity seeking to recover funds expended for a defendant's appointed counsel.

A writ of prohibition is hereby granted, and the District Court's order seizing the proceeds of the petitioner's workers' compensation award is vacated.

_Gene B Daly_

We concur:

_____
Chief Justice

_John Conway Harrison_
_____

_John L. Sheehy_
_____

_Daniel J Shea_
_____

_Frank B Morrison_
_____

_____
Justices

-5-

Mr. Chief Justice Frank I. Haswell, specially concurring:

I concur in the result.

In my view the order of the District Court directing the First National Bank not to cash the $7,000 certificate of deposit and ordering relator not to assign, hypothecate, pledge or liquidate the certificate must be vacated and set aside. Relator was denied procedural due process by entry of this order without notice and an opportunity to appear and contest the order.

_____
Chief Justice