Haverhill District Court
No. 81-466

CLAYTON G. PLACEY

v.

ROSEMARY CARON

July 2, 1982

*Clayton G. Placey*, by the brief and orally, pro se.

*Moulton, Smith, Samaha & Vaughan*, of Littleton (*Timothy J. Vaughan* on brief and orally), for the defendant.

*Bruce E. Friedman*, of Concord, by brief, as amicus curiae.

KING, C.J.   The plaintiff, Clayton G. Placey, a former landlord of the defendant, Rosemary Caron, brought a small claims action against her in the Haverhill District Court for unpaid rent. After judgment was entered for the plaintiff in the amount of three-hundred-and-twenty-one dollars, the District Court (*Bruckner,* J.) ordered the defendant to pay ten dollars per week on the judgment. The defendant, pro se, then filed a motion to vacate the order of the court. After determining that the defendant had income equivalent to five-hundred-and-fifty dollars per month, the court ordered the periodic payment reduced to eight dollars per week.

The defendant requested and was granted a rehearing. After the hearing, the court found that the defendant's expenses for herself and her two children, aged two and twelve respectively, were three-hundred-and-thirty-seven dollars per month, including twenty-two dollars per month for cigarettes. The defendant's primary source of income consisted of benefits provided by the Aid to Families with Dependent Children program (AFDC), and included an amount for the rental of the plaintiff's premises. Her income was supplemented by food stamps valued at one-hundred-and-thirty-nine dollars per month and other social service program benefits worth approximately one-hundred-and-fifty dollars per month. The court considered all these sources of income and, after calculating her expenses, ordered the defendant to pay seventy-one dollars per month on the judgment to the plaintiff unless she continued to pay forty dollars per month to the New Hampshire Probation Department for restitution regarding another matter. If she continued to make restitution, her payments to the plaintiff were to be reduced to thirty-one dollars per month. We affirm in part, reverse in part, and remand.

On appeal, the defendant raises two issues: whether welfare benefits are exempt from being used to satisfy a judgment; and whether non-cash benefits may be included when determining a recipient's income.

RSA 524:6-a (Supp. 1981) states that a judgment "may be enforced against any property of any kind of the debtor, except such property as is now exempt from attachment or execution." RSA 167:25 states that welfare benefits "shall be inalienable by any assignment or transfer and shall be exempt from levy or execution under the laws of this state." The defendant argues that these statutory provisions prevent her welfare benefits from being used to satisfy the plaintiff's judgment against her. We disagree.

RSA 167:25 is not designed to frustrate the efforts of creditors who supply a recipient with necessities from seeking some

reasonable and minimum reimbursement for the goods or services they provide. To allow a recipient who receives benefits intended to provide her with necessities to use those benefits for other purposes, thereby avoiding payment for those necessities, is illogical.

Other state courts have also refused to exempt welfare benefits from the pool of assets used to satisfy judgments when the debt was incurred in the purchase of necessities. In *State ex rel. Eastern State Hospital v. Beard*, 600 P.2d 324, 325–26 (Okla. 1979) (per curiam), the Oklahoma Supreme Court held that the State, which had furnished an incompetent veteran with care and maintenance in a state mental institution, was entitled to payment out of the proceeds from a Veterans' Administration pension fund. The Oklahoma court stated that "[t]he State of Oklahoma, in furnishing the incompetent veteran with care and maintenance in a state mental institution, was providing the very support her benefits were intended to cover." *Id.* at 325. *See State v. Reed*, 241 A.2d 875, 876–77 (Conn. Cir. Ct. 1967) (workmen's compensation statute did not bar garnishment of workmen's compensation benefits to pay creditor who had provided the defendant's dependents with financial aid).

■ In the case before us, the defendant received welfare benefits to allow her, in part, to pay rental costs. The defendant, however, apparently did not use her benefits for their intended purpose. The plaintiff should not suffer because of the defendant's failure to properly utilize her welfare benefits. Accordingly, we affirm the trial court's decision that the defendant's welfare benefits may be used to satisfy the plaintiff's judgment against her.

The trial court calculated a cash value for various social service programs which provide assistance to the defendant. None of the non-cash benefits considered by the court, however, has any cash value. Although the defendant receives one hundred thirty-nine dollars' worth of food stamp coupons each month, these coupons can be used only to purchase food, 7 C.F.R. § 274.10(a) (1982), and cannot be converted into cash by the recipient. *See* 7 C.F.R. § 274.10(h) (1982). Furthermore, under federal law, food stamps "shall not be considered income or resources for any purpose under Federal, State or local laws. . . " 7 C.F.R. § 272.1(a) (1982).

■ Similarly, the other assistance received by the defendant has no cash value and should not have been included as income for the purposes of calculating the defendant's ability to pay. We therefore reverse the trial court's decision to include non-cash benefits in its

calculation of the defendant's income, and consequently, we remand for a reconsideration of the amount of the defendant's required weekly payments on the plaintiff's judgment.

*Affirmed in part; reversed in part; remanded.*

DOUGLAS, J., did not sit; the others concurred.