In re the MARRIAGE OF Sandra Marie BALES and William Lee Bales

Upon the Petition of Sandra Marie Bales, Petitioner-Appellee,

and Concerning William Lee Bales, Respondent-Appellant.

No. 85–315.

Court of Appeals of Iowa.

Nov. 26, 1985.

---

John N. Moreland of McKay & Moreland, Ottumwa, for respondent-appellant.

C.K. Pettit, Bloomfield, for petitioner-appellee.

Considered by OXBERGER, C.J., and DONIELSON, and SACKETT, JJ.

SACKETT, Judge.

William Bales appeals from the trial court's refusal to grant a modification of the alimony portion of his dissolution decree.

The parties' 26–year marriage was dissolved in 1983. The trial court determined the parties to have a net worth of $110,669.21 which was ordered to be divided equally. At that time William was grossing $500 a week driving trucks, and Sandra was employed part-time as a school bus driver grossing $105 per week. The trial court found Sandra had spent virtually all her time in the 26–year marriage as a housewife and had no skills beyond those involved in child-rearing and house-tending. The trial court ordered William to pay Sandra alimony of $100 per week for a period of ten years.

In September of 1984, William filed an application for modification of the decree claiming he had been unemployed since January 1984 and only receives workers' compensation. He claims the decree should be modified to eliminate the alimony.

The record made at the modification hearing shows William is no longer driving trucks. He does, however, receive $506 in workers' compensation benefits every two weeks. The net amount is paid to him and is nontaxable. William testified he is getting more money in workers' compensation than he was taking home when he was working. The trial court determined William had failed to show a substantial change of circumstances and refused to modify the decree.

William has appealed raising two issues. He contends he has shown a changed circumstance so as to justify a modification and the trial court improperly considered his workers' compensation payments in determining whether there should be a modification. William does not argue with the trial court's conclusion that the workers' compensation benefits he is presently receiving are equal to or slightly in excess of the take-home pay he realized from the employment he had at the time of the dissolution. William argues that he is now disabled and in considering the payments the trial court has ignored the purpose of the workers' compensation statute and the limited value of the payments. William contends because Iowa Code section 627.13 provides workers' compensation proceeds are exempt from execution it was not proper for the trial court to consider the benefits in assessing whether the alimony award should be modified. William's contention is without merit.

Exemption statutes in Iowa were enacted for the benefit of the husband, wife, and family. *In re Bagnall's Guardianship*, 238 Iowa 905, 940, 29 N.W.2d 597, 615 (Iowa 1947). This court has previously determined that workers' compensation payments are not exempt in a contest with the husband as to alimony and support money. *In re Marriage of Schonts*, 345 N.W.2d 145, 146–47 (Iowa App.1983). However, we are not, under this record, addressing the issue of whether the workers' compensation payments can be garnished on an alimony judgment, but we are addressing the issue of whether the payments should be considered in assessing William's total financial picture to determine whether or not he has met the burden of showing the substantial change in circumstance necessary to modify the award.

We, therefore, reject William's contention that this appeal is controlled by the exempt nature of workers' compensation proceeds. *See State v. Coburn,* 294 N.W.2d 57, 60 (Iowa 1980). The value of workers' compensation payments as a resource and personal property is not affected by a claim, valid or otherwise, that it is exempt from execution. It is a valuable resource available to William. *See State v. Coburn,* 294 N.W.2d at 61.

We look at the total financial picture in assessing the issue. There is no basis for excluding the workers' compensation. In *In re Marriage of Schissel,* 292 N.W.2d 421, 427 (Iowa 1980), the court determined military retired pay was properly considered by the trial court when it awarded the wife a specific sum to compensate for the military pay in adjusting the parties' equities without attempting to divide the pay itself. Also, in *In re Marriage of Yates,* 365 N.W.2d 49, 51 (Iowa App.1985), this court said "public and private pensions as well as social security benefits as a form of pensions and military retired pay could be considered by the Iowa courts in framing the financial clauses of dissolution decrees."

An assessment of the record finds no substantial permanent change in William's financial condition. We affirm the trial court.

Petitioner wife requests attorney fees on appeal. We award petitioner $750 for her attorney fees in connection with this appeal.

AFFIRMED.