This is an appeal from an order establishing the child support obligation of the father.
The father petitioned the trial court for custody of the parties' child. The trial court, after ore tenus proceedings, awarded the mother custody, established a visitation schedule for the father, and ordered the father to pay $100 every two weeks as child support and $20 every two weeks until one-half of the medical expenses associated with the birth of the child is paid.
On appeal the father submits that the trial court erred by ordering him to pay child support because he is presently unemployed and lacks the resources from which to make such payments.
A father is bound by the laws of this state, and by basic morality, to contribute to the support of his minor children.Hamilton v. Hamilton, 428 So.2d 65 (Ala.Civ.App. 1983). The trial court, when considering an award for child support, should consider the needs of the child and the financial ability of the father to respond to those needs. Pruett v.Pruett, 333 So.2d 580 (Ala.Civ.App. 1976).
The record reveals that the mother and father of the child were never married but had lived together after the child's birth. After the parents severed their relationship, the child remained in the physical custody of its mother. Since that time the father has voluntarily paid certain amounts for the support of the child, but the evidence shows the mother to have been primarily responsible for all the needs of the child.
The father suffers from scoliosis or curvature of the spine and was severely injured in April 1987 when a tractor rolled over his foot. As a result, the father has been unable to gain steady full-time employment. The uncontroverted evidence shows the father's earnings in 1987 and 1988 to have been approximately $6,000 and $5,500, respectively.
The father testified that he has made several attempts to obtain steady employment but that, because of his infirmities, none has been offered to him. The father is apparently skilled as a painter and in construction-type activity. At the time of the hearing the father was hopeful that he had secured a steady job with a contractor, but this was not certain. The father also stated that a lawsuit was pending concerning the injuries he received to his foot. The lawsuit remained pending at the time of the hearing.
We have carefully reviewed the entire record and, based upon the uncontroverted evidence of the physical limitations of the father and his lack of income, we find that the amount of the award of child support was not supported by the evidence. The trial court is bound by the legal evidence, or lack thereof, and it cannot speculate as to the ability of the father to pay. We therefore reverse that part of the judgment pertaining to child support and remand the matter to the trial court for a determination of a reasonable amount of child support according to evidence of the father's ability to pay. We find no fault with ordering contribution from any recovery from the pending lawsuit. *Page 1041 
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.