We granted certiorari review in order to determine whether workmen's compensation benefits are exempt from income withholding orders and/or garnishment for a child support arrearage.
Orette McCall and Edmac McCall were divorced in 1974, and Orette was awarded custody of their minor child. Edmac was ordered to pay $50.00 per week in child support. Based on his failure to pay the ordered child support, the trial court, on January 17, entered a judgment against Edmac in the amount of $24,000, plus court costs and interest. In order to collect the judgment, Orette filed a motion for income withholding and further sought to garnish Edmac's workmen's compensation benefits.
The trial court denied the motion for income withholding and granted Edmac's oral motion to quash the process of garnishment. The trial court found that the workmen's compensation benefits were not subject to a withholding order or a garnishment action, because of § 25-5-86, Ala. Code 1975. The Court of Civil Appeals held that workmen's compensation benefits were subject to withholding and garnishment.
Edmac argues that the Workmen's Compensation Act exempts workmen's compensation benefits from withholding or garnishment for the satisfaction of child support obligations. Orette argues that a child support obligation is not a "debt or liability" and is therefore not exempt from withholding or garnishment.
Section 25-5-86(b) of the Workmen's Compensation Act provides:
 "Claims for compensation or awards, or judgments or agreements to pay compensation owned by an injured employee or his dependents shall not be assignable and shall be exempt from seizure or sale or garnishment for the payment of any debt or liability. There shall be no right to waive this exemption."
However, a child support obligation is not a "debt" in the ordinary sense of that word. By basic morality and the laws of the state, a parent is bound to contribute to the support of his minor children. Pace v. Glover, 550 So.2d 1039
(Ala.Civ.App. 1989).
The Workmen's Compensation Act anticipates that the benefits will be used by the employee at least partially for the support of his dependents, just as he would have used his salary for that purpose. Where the parent/employee dies in the course of employment, the Act provides a right of action whereby his dependent children may recover his workmen's compensation benefits, to replace the support they would have received from him if he had lived. Yarchak v. Munford Inc., 570 So.2d 648
(Ala. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2237,114 L.Ed.2d 478 (1991).
We note that Social Security benefits and Veterans' Administration benefits *Page 6 
may be used to satisfy child support obligations. See,Frazier v. Frazier, 455 So.2d 883 (Ala.Civ.App. 1984); Lott v.Lott, 440 So.2d 1090 (Ala.Civ.App. 1983). A child support obligation is not dischargeable in bankruptcy. Pressnell v.Pressnell, 519 So.2d 536 (Ala.Civ.App. 1987). Also, Rule 32, Ala.R.Jud.Admin., specifically includes workmen's compensation benefits as "income" that may be factored into a child support award. Rule 32(B)(2)(i). It would be incongruous to allow workmen's compensation benefits to be considered income in determining a child support award and then to exempt workmen's compensation benefits from payment of child support that is delinquent.
In Mims v. Mims, 442 So.2d 102 (Ala.Civ.App. 1983), the Court of Civil Appeals held that a wife seeking to recover support from her husband was not a creditor, because the claim for support was not based upon a "debt." We hold that a parent seeking support for her children is not a creditor, because the claim for support is not based upon a "debt" but upon a moral obligation.
"It is apparent that the [Workmen's Compensation] Act is designed to financially aid an employee and/or his dependents in the event of a job-related injury or death." Yarchak v.Munford, 570 So.2d at 650. Obviously, the purpose of the exemption portion of the Act is to prevent creditors from seizing or garnishing benefits owned by an injured employee or his dependents. The exemption should not be used to relieve a person from an obligation to support his or her spouse or children.
The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Clark v. Houston County Comm'n,507 So.2d 902 (Ala. 1987).
Based on the foregoing, we affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.