RICHARD L. HOLMES, Retired Appellate Judge.
This is a workmen’s compensation case.
On September 3,1990, Gary Beshears (employee) was injured during the course of his employment with K-Mart Corporation (employer). Thereafter, the employee filed a complaint against the employer for workmen’s compensation benefits.
After a hearing the trial court entered an order, wherein the employee was found to be “permanently partially disabled resulting in a permanent partial loss of ability to earn.” The employer was to pay $9,000 in compensation to the employee. The order also provided in pertinent part:
“The court further finds that [the employee] is currently serving a criminal sentence, as more particularly described in criminal ease number 89-1953, Madison County Circuit Court. The criminal sentence imposed a monetary fine against [the employee], which has not been fully paid, and the balance exceeds the sums due [the employee] in this matter. The court therefore concludes that it is in the best interest of the parties that this matter be resolved and that the compensation due to [the employee] be paid in a lump sum and applied to the criminal fine as follows:
“(1) The sum of seven thousand five hundred sixty-nine and 60/100 ($7,569.60) dollars shall be paid the Clerk of the Circuit Court for Madison County, and said sum shall be placed into an interest-bearing account. Should there be an appeal of this decision, the money shall remain on interest pending appellate review. Should there be no appeal of this decision, the proceeds shall be applied on the criminal fine.
“(2) The sum of one thousand four hundred thirty and 40/100 ($1,430.40) dollars shall be paid to [the employee’s] attorney ... for attorney’s fees of one thousand three hundred fifty and no/100 ($1,350.00) dollars and expenses of eighty and 40/100 ($80.40) dollars.”
The employee appeals. We affirm.
*147 The dispositive issue on appeal is whether the trial court erred to reversal when it applied the net proceeds from a lump sum payment of workmen’s compensation benefits due the employee toward the satisfaction of a criminal fine which the employee had been assessed.
Our review of the record reveals that the employee was charged with trafficking in marijuana, a violation of Ala.Code 1975, § 13A-12-231. On April 5, 1991, the employee was sentenced to ten years in prison and ordered to pay a $25;000 fine. The circuit judge who handled the sentencing of the employee in the criminal case was the same circuit judge who was assigned his workmen’s compensation case.
The employee contends that the trial court did not have the authority to take such action on its own motion without the State of Alabama being made a party to the present action. The employee bases this contention upon the wording of Rule 26.11(k), A.R.Crim. P., which provides, in pertinent part, that “[t]he district attorney ... shall institute appropriate proceedings or take necessary action to collect unpaid fines, restitution, and costs.” The employee argues that since the district attorney has taken no action to collect the fine that the employee owes in his criminal ease, the trial court has no authority to raise the issue of the unpaid fine in the present case.
We note the following pertinent statements from the committee comments to Rule 26.11:
“After the court has made an inquiry pursuant to section (g) of this rule, it has the authority under section (h) to order an appropriate remedy for nonpayment.... Section (h) provides more alternatives from which a judge may choose when deciding what action to take upon nonpayment of a fine.
[[Image here]]
“Section (k) allows for execution for the fine and costs. This section provides the court with an alternative sanction in cases when incarceration for nonpayment of fines is not allowed or not chosen by the court.”
We find no language in either the rule or the committee comments which prohibits the trial court from taking action to ensure that a criminal fine assessed by that court is paid.
In fact, Rule 26.11(h)(4) specifically provides that the court may “[ojrder an employer to withhold amounts from wages to pay fines and/or restitution.” In the present case, the order of the trial court directed the employer to pay $9,000 in future compensation on behalf of the employee and further directed that this compensation be applied to the criminal fine previously assessed against the employee.
The employee further argues that the action taken by the trial court is prohibited by Ala.Code 1975, § 25-5-86(2), which provides:
“Claims for compensation, awards, judgments, or agreements to pay compensation owned by an injured employee or his or her dependent shall not be assignable and shall be exempt from seizure or sale or garnishment for the payment of any debt or liability.”
(Emphasis added.)
The employee contends that the criminal fine assessed against him is a debt or liability in accordance with § 25-5-86(2) and that, as such, the trial court erred when it ordered that his workmen’s compensation benefits be applied toward his criminal fine.
However, we would note that “debt” is defined in Black’s Law Dictionary (6th ed. 1990) as follows: “A sum of money due by certain and express agreement.” (Emphasis added.)
The $25,000 fine assessed against the employee in his criminal case was mandatory under the drug trafficking statute. Toney v. State, 572 So.2d 1308 (Ala.Crim.App.1990). In fact, “[t]he amount of the fine represents a legislative assessment of the punishment due the offender and is not subject to a judicial interpretation of reasonableness under the particular facts of any one case.” Toney, 572 So.2d at 1316. As the imposition of the fine was mandatory in the criminal case, there was no “agreement” reached between the employee and the State concerning this fine.
*148 In addition, we would note that in Ex parte McCall, 596 So.2d 4 (Ala.1992), our supreme court determined that a child support obligation was not a “debt” in the ordinary sense of the word and that it would not violate § 25-5-86(2) if workmen’s compensation benefits were used to satisfy a child support obligation.
In light of the above, this court does not find that the criminal fine assessed against the employee is a “debt” in accordance with § 25-5-86(2). Consequently, we cannot say that the trial court erred when it ordered the sum paid as workmen’s compensation benefits to be applied toward the employee’s criminal fine.
This ease is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
THIGPEN and YATES, JJ„ concur.
ROBERTSON, P.J., dissents.