ALMON, Justice.
We granted certiorari review to address the issue whether a criminal fine is a “debt or liability” within the meaning of the exemption provision of the Workers’ Compensation Act. Ala.Code 1975, § 25-5-86(2).
Gary Beshears was injured in the course of his employment with K-Mart Corporation. He filed a complaint seeking benefits under the Workers’ Compensation Act. The circuit court found Beshears to be permanently partially disabled and awarded him $9,000 in compensation benefits. The circuit court then ordered that $7,569.60 of the benefits be applied to an outstanding criminal fine against Beshears. The court ordered that the remainder of the benefits be paid to Beshears’s attorney.
Beshears had previously been fined $25,-000 for trafficking in marijuana. He had also been sentenced to serve 10 years in the penitentiary for that crime. The same circuit court judge that had sentenced Beshears in the criminal case heard his workers’ compensation case.
Beshears appealed the circuit court’s order to the Court of Civil Appeals, arguing that a criminal fine was a “debt or liability” within the meaning of § 25-5-86(2) and that his compensation benefits were therefore exempt from seizure or garnishment to satisfy his fine. The Court of Civil Appeals affirmed, based upon this Court’s holding in Ex parte McCall, 596 So.2d 4 (Ala.1992). We reverse.
Ala.Code 1975, § 25-5-86(2), provides:
“Claims for compensation awards, judgments, or agreements to pay compensation owned by an injured employee or his or her dependent shall not be assignable and shall be exempt from seizure or sale or garnishment for the payment of any debt or liability.”
The plain language of the Code exempts workers’ compensation awards “from seizure or sale or garnishment for the payment of any debt or liability.” “Liability” is defined by Webster’s New International Dictionary 1302 (3d ed. 1976) as “an amount that is owed whether payable in money, other property, or services.” A criminal fine is an amount owed payable in money. A criminal fine is a “liability” within the general meaning of that word. The majority opinion of the Court of Civil Appeals did not discuss whether the criminal fine imposed against Beshears was a liability. Beshears v. K-Mart Corp., 669 *150 So.2d 145 (Ala.Civ.App.1994). The majority of that court merely held that a criminal fine was not a “debt,” relying on this Court’s holding in Ex parte McCall.
In Ex parte McCall this Court addressed the issue whether workers’ compensation benefits could be seized or garnished to satisfy outstanding child support obligations and held that they could be. The Court reasoned that a child support obligation is not a “debt” within the “ordinary sense of that word,” but is “based upon a moral obligation.” Ex parte McCall, 596 So.2d at 6. In support of this rationale, the Court stated:
“ ‘It is apparent that the [Workers’ Compensation] Act is designed to financially aid an employee and/or his dependents in the event of a job related injury or death.’ Yarchak v. Munford, 570 So.2d [648] at 650 [ (Ala.1990) ]. Obviously, the purpose of the exemption portion of the Act is to prevent creditors from seizing or garnishing benefits owned by an injured employee or his dependents. The exemption should not be used to relieve a person from an obligation to support his or her spouse or children.”
596 So.2d at 6. The issue whether a child support arrearage is a “liability” within the meaning of that term in § 25-5-86(2) was not specifically addressed.
Ex parte McCall is inapplicable to the present case. The facts of that case clearly indicate that the benefits were diverted to satisfy a child support arrearage. The apparent concern of the Justices who concurred in Ex parte McCall was that to allow an injured worker to escape the moral obligation to support a spouse and children would contravene the intention of the legislature in passing the Workers’ Compensation Act.
The obligation to pay criminal fines imposed as punishment is not comparable to the obligation to support one’s spouse or children. The holding of the Court of Civil Appeals in this case, if allowed to stand, could have the effect of keeping the spouses and children of convicted persons from being able to receive the indirect benefit of a workers’ compensation award. This would contravene the policy upon which Ex parte McCall was predicated.
Statutes are to be considered as a whole, and every word given effect if possible. Alabama State Board of Health v. Chambers County, 335 So.2d 653 (Ala.1976). The legislature exempted workers’ compensation benefits from seizure for “any debt or liability.” The word “liability” must be given effect.
K-Mart argues that the exemption from seizure should not be applicable against the state in its attempt to collect a criminal fine. In support of this argument, K-Mart cites three cases from other jurisdictions: United States v. Ocean Accident & Guarantee Corp., 76 F.Supp. 277 (S.D.N.Y.1948); State v. Reed, 5 Conn.Cir.Ct. 69, 241 A.2d 875 (1967); State v. Coburn, 294 N.W.2d 57 (Iowa 1980). Under the facts of Beshears’s case, we decline to adopt the rationale of those cases. The language of the Workers’ Compensation Act exempts all debts and liabilities. The Act does not suggest that the exemption should not apply against the state. Furthermore, the stated policy of preserving workers’ compensation benefits for the injured worker and the worker’s dependents is not abrogated by the fact that the injured worker owes a criminal fine. To disallow the exemption merely because the state was the creditor would undermine the intention of the legislature in protecting workers’ compensation benefits for the injured worker and the worker’s dependents.
Therefore, we hold that a criminal fine is a “liability” within the meaning of Ala.Code 1975, § 25-5-86(2), and that a workers’ compensation award, therefore, may not be seized or garnished to satisfy such a fine. The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
SHORES, INGRAM, and COOK, JJ., concur.
HOUSTON, J., concurs specially.
MADDOX, J., dissents.