MADDOX, Justice.
The issue on this appeal is whether the trial court erred in allowing plaintiff/appel-lee to amend his complaint at trial at the close of his evidence pursuant to Rule 15(b), Ala.R.Civ.P.
FACTS
On April 30, 1984, plaintiff, a shrimp fisherman, filed the following complaint in the Baldwin County Circuit Court:

“Count I

“1. On or about July, 1981, Jerald W. Styron, Jr., Plaintiff in this cause, entered into an employment agreement with Edward W. Schoen, Defendant, to work as an employee on Defendant’s shrimp trawler, the ‘Desperado’.
“2. The terms of said agreement included a bonus in salary to be paid to the Plaintiff by the Defendant in an amount equal to five percent (5%) of the value of the gross stock for each trip and subsequent sale of the catch from the ‘Desperado’ in which the gross stock exceeded Twenty Thousand Dollars ($20,000.00) in value.
“3. The total gross stock exceeding Twenty Thousand Dollars ($20,000.00) during Plaintiff’s employment was approximately Three Hundred Ten Thousand, Seven Hundred and Fifty Dollars ($310,755.00) [sic].
*1188 “4. The total amount of salary bonus due to Plaintiff from Defendant was Fifteen Thousand, Five Hundred Thirty-Seven Dollars and 75/100 ($15,537.75).
“5. A salary bonus in the amount of $4,425.49 was paid to the Plaintiff by the Defendant.
“6. Plaintiff avers that Defendant therefore breached the express terms of the employment agreement entered into by the parties.
“WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $11,112.26 and costs of court.

Count II

“1. Plaintiff adopts the averments of paragraphs one through six of Count I of this Complaint and incorporates the same herein by reference thereto as if fully set out herein.
“2. Plaintiff further avers that services were rendered and work and labor performed according to said agreement, that the benefit of such services [was] accepted by the Defendant who was unjustly enriched thereby.
“WHEREFORE, Plaintiff demands judgment against Defendant in the amount of Eleven Thousand One Hundred Twelve Dollars and 26/100 ($11,-112.26) and costs of court.”
Defendant filed an answer admitting his employment of plaintiff and his payment to plaintiff of a salary bonus of $4,425.49, but denying every other allegation in the complaint.
The case went to trial and at the close of plaintiff’s case, the evidence was as follows:
In May of 1981, defendant hired plaintiff to captain his shrimp boat, the Lady Punkin. The compensation agreement between defendant and the boat’s crew was that the defendant received 65% of the gross profits of a shrimp catch and the crew received 35%. If a catch’s gross profits exceeded $20,000, however, the defendant received 60% and the crew 40%. Plaintiff shared pro rata in the crew’s percentage.
In September of 1981, plaintiff began captaining another of defendant’s boats, the Desperado. The compensation agreement between defendant and the Desperado crew was exactly the same as it was on the Lady Punkin.
In November of 1981, plaintiff and defendant entered into a new compensation agreement. This agreement provided that if gross profits exceeded $20,000, the defendant’s share would be 60%, the crew’s share would be 35%, and plaintiff would receive a bonus of 5%.
In November of 1982, plaintiff had earned several bonuses, but defendant had not paid them. Plaintiff and defendant orally agreed that in exchange for plaintiff’s waiver of payment of all bonuses in arrears, plaintiff would receive a 25% interest in the Desperado when it was paid for.
In January of 1984, plaintiff and defendant renegotiated plaintiff’s compensation. Defendant proposed that plaintiff opt for either a 25% interest in the Desperado or the total bonus amount still in arrears under the original agreement of November 1981. Plaintiff chose the “total bonus amount” — the $11,112.26 requested in the complaint.
During the presentation of the foregoing evidence, defendant continually objected to any testimony referring to the agreement of November 1981, because, he said, “any testimony regarding that is outside the pleadings and would introduce matters that, according to the pleadings, are immaterial and irrelevant.” The court ruled that testimony concerning the November agreement was admissible, and told defendant’s counsel, “I understand that you object to the entirely new agreement. I am admitting it because I figure this is an agreement of the change of the July agreement.”
Before plaintiff rested his case, plaintiff’s counsel made a motion to amend the complaint to conform to the evidence he had just presented. The following exchange took place between the parties and the court:
*1189 “[PLAINTIFF’S COUNSEL]:
“Your Honor, may it please the Court, before the Plaintiff would rest, I would like to amend Count One of the Complaint to be conformed to the evidence and explain to the Court that I misunderstood my client whenever I drew this Complaint up. I stated that on or about July of ’81, that was in error and it should have been November, on or about November of ’81.
“My confusion was due to, I did not understand that [J]erald was working on the Lady Punkin, it’s not Pumpkin, it’s Punkin, at that time. Now, I thought he was working on the Desperado at that time. It was a different boat.
“He was working on the Lady Punkin in July, but he didn’t get on the Desperado until September. This agreement did not really come about until November of ’81. I ask Your Honor to allow the Plaintiff to amend his Complaint to read that on or about November of 1981, [J]erald Styron, Jr., the Plaintiff, in this cause, entered into an employment agreement with Edward W. Schoen which was amended in November of 1982 and January or February of 1984 to work as an employee on Defendant’s shrimp trawler, the Desperado.
“Any references made in Count Two which would adopt the allegations in Count One be so amended to incorporate that amendment in Count One. Now, Your Honor, the Plaintiff would rest with that.
“THE COURT:
“All right. Do you have anything to say about that? I know you object to it, naturally.
“[DEFENDANT’S COUNSEL]:
“Judge, it seems to me that I can understand counsel’s problem, but the deposition was taken three weeks ago and it seems to me that if he wanted to amend to give us a chance to properly defend this thing, that he should have done that three weeks ago. And definitely not after the evidence is in.
“I realize the morality of the amendments and all of that, but we have objected all along to this with the testimony.”
In response to defense counsel’s argument, the court told plaintiff’s counsel, “Well somebody in your firm should have corrected this ahead of time.” But, then, the court ruled, “I think the deposition, of course probably put [defendant] on notice as to what [plaintiff was] going to prove. So, I will allow [plaintiff] to amend his complaint.”
The trial proceeded and defendant put on his case. After both sides rested, the trial court rendered “a judgment in favor of the plaintiff and against the defendant for the sum of $11,112.26.”
Defendant appeals to this Court, arguing that the trial court erred in allowing plaintiff to amend his complaint at trial pursuant to Rule 15(b), Ala.R.Civ.P.
OPINION
Rule 15(b), Ala.R.Civ.P., reads, in part, as follows:
“If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be sub-served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires.”
Fully in keeping with the letter and spirit of the above language, “the grant or denial of leave to amend is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse *1190 of discretion.” Walker v. Traughber, 351 So.2d 917, 922 (Ala.Civ.App.1977).
In the instant case, we find that the trial court did not abuse its discretion in allowing plaintiff to amend his complaint to conform to the evidence. Defendant did not show that the amendment would result in undue prejudice to him, or was unduly delayed, offered in bad faith, or for a dilatory purpose — the most common reasons for the denial of a motion to amend pursuant to Rule 15(b). 3 J. Moore, Moore’s Federal Practice ¶ 15.08[4] (2d ed.1985). We note that if otherwise proper, an amendment is not to be denied even if it changes or adds a claim, Ala.R.Civ.P. 15(b), but, this amendment in no way changed plaintiffs claim (recovery for breach of contract or unjust enrichment) or added another claim to his complaint. Plaintiffs amendment merely changed the date of the agreement sued upon.
We fail to see how defendant could have been surprised and thereby prejudiced by this minor amendment. In spite of the erroneous date, the original complaint clearly described the agreement that plaintiff based his claim upon — the 5% bonus agreement. Although, through discovery, defendant became aware of various modifications of that agreement, he surely also learned that plaintiffs position was that the final terms of the agreement, by virtue of plaintiffs election, were those as originally agreed upon by plaintiff and defendant in November of 1981.
Although, as the trial court recognized, plaintiff probably should have amended his complaint before he did, the evidence does not indicate that his failure to amend at an earlier date was an intentional dilatory tactic or was otherwise motivated by bad faith. And, absent bad faith, “delay alone, regardless of its length, is not enough to bar [amendment] if the other party is not prejudiced.” 3 J. Moore, supra. Cf. Ex parte Tidmore, 418 So.2d 866 (Ala.1982) (trial court’s denial of plaintiffs motion to amend upheld because of plaintiffs extreme delay in making motion and prejudice caused defendant by such delay).
Defendant argues in his brief that the trial court erred in ruling that the deposition put him on notice of the specific date of the agreement sued upon, stating: “[Djepositions per se do not frame the issues in the case. Discovery depositions are not meant to frame the issues even though they may be used as a means to that end.” Be that as it may, as we have stated before: “Rule 15 is reflective of the policy of the rules to allow the maximum opportunity to state each claim and have it decided on the merits, and dispense with technical requirements so long as the parties are provided with notice of the nature of the pleader’s claim or defense. The question is whether the spirit of the rules has been violated.” Vernon Carpet Mills, Inc. v. Bossville Spinning Corp., 344 So.2d 1205, 1207 (Ala.1977). We do not think the spirit of the rules has been violated in the instant situation, where the amendment allowed was minor and defendant did not show prejudice.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and HOUSTON, JJ., concur.