ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
The parties were divorced in 1988. The mother was awarded custody of the parties’ two children and the father was ordered to pay child support.
In 1984 the father filed a petition for modification seeking custody of the children. After a hearing, the trial court entered an order on January 14, 1986 in which it found that joint custody of the children between the parties would be appropriate under the circumstances. In its order, the court stated that if one of the parties moved from the Brookwood school district the children would reside with the party remaining in the district. The trial court found the father $680 in arrears on *425 child support and also ordered future child support of $130 per month.
On September 5, 1989 the father filed a petition for sole custody of the children, alleging that the mother had moved from the Brookwood school district. Because the mother did not appear at the hearing on this petition, a default judgment was entered against her and the father was awarded custody of the children. The mother subsequently filed a motion to set aside the default judgment and this motion was granted. However, the trial court entered an order on November 22 granting temporary custody of the children to the father, pending a trial on the merits of the father’s September 5 petition to modify. The mother filed an answer to this petition and counterclaimed for full custody of the children. On the morning of the hearing, the mother filed an amended counterclaim seeking increased child support and payment of the arrearage previously found by the trial court.
Aftér an ore tenus proceeding, the trial court entered an order on August 21, 1990 granting custody of the children to the mother, with liberal visitation for the father. The father was ordered to pay $514 per month child support, as well as $680 in arrearage. The father filed a motion for new trial or to alter, amend, or vacate judgment. This motion was denied and the father appeals.
We note at the outset that where evidence is taken ore tenus the trial court’s judgment will not be reversed unless the evidence shows that it is plainly and palpably wrong. Crane v. Crane, 392 So.2d 242 (Ala.Civ.App.1980). Further, the modification of a child custody decree is a matter vested within the sound discretion of the trial court, and its findings are presumed correct on appeal. Murphy v. Murphy, 479 So.2d 1261 (Ala.Civ.App.1985).
The first issue raised by the father is whether the trial court applied the wrong standard of law when making its determination of custody.
Alabama courts have established two different standards of reviewing custody arrangements. If custody has not been previously determined, then the standard is the “best interests of the children.” Ex parte Couch, 521 So.2d 987 (Ala.1988). This standard applies also in joint custody situations where there has been no previous determination of primary physical custody. In such a situation, the parties are on equal footing in seeking a change in modification. Couch. . However, if there has been a prior judgment granting custody or physical custody of the children to one parent, or if one parent has lost custody of the children even temporarily, then custody will be changed only if it would materially promote the children’s welfare. Couch; Ex parte McLendon, 455 So.2d 863 (Ala.1984).
In this case, the father contends that the trial court erred by employing the “best interests” standard. The father points out that the trial court awarded him temporary custody of the children in its November 22 order. The father concludes that the mother thereby temporarily “lost” custody of the children prior to trial, thus triggering the stringent McLendon standard.
In its order setting aside default judgment, the trial court granted the father temporary custody of the children “pending the outcome of litigation.” The order clearly shows that the mother did not “lose” custody of the children; rather, the trial court merely sought to provide the children with stability until a final determination of custody could be made. The November 22 order thus awarded only pen-dente lite custody to the father, and we have established that such an award does not activate the McLendon standard. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).
Except for the pendente lite order, the trial court has entered no order awarding primary physical custody of the children since the time of the modification. Accordingly, we find that the trial court properly applied the “best interests” standard in making its determination of custody. Couch.
*426 We must next determine whether the court properly applied the “best interests” standard to the evidence presented.
The evidence presented at trial shows that the mother has been somewhat unsettled in the past two years. The mother testified that she had been unemployed for a year and a half and had lived with several different relatives for a few months at a time. The mother also testified that the children had lived with the maternal grandmother during much of this unsettled period.
The father argues that the mother’s past instability should prevent her from holding sole custody of the children. However, the record shows that the mother has now remarried and her new husband is gainfully employed. The mother now owns a trailer located on the grandmother’s property and plans to live there permanently with the children and her new husband.
We note that the father has a history of stability and is perhaps in a better financial position than the mother. However, we do not find that these factors are sufficient to rebut the presumption of correctness afforded to the trial court’s judgment; thus, it must be affirmed.
The next issue raised by the father is whether the trial court erred in setting child support and ordering the payment of arrearage.
The record shows that on the morning of the trial, amendments to the mother’s pleadings were hand delivered to the father’s counsel. In these amended pleadings, the mother sought an increase in child support and collection of past-due child support.
At the start of that morning’s proceedings, the father’s counsel objected to the amendments and sought a continuance to prepare for the newly-raised issues. The trial court then indicated that these issues would not be litigated and later overruled a line of questioning concerning the issue of child support. However, the trial court included judgment on the issues in its final order.
The father argues that the trial court erred in ruling on arrearage and increased child support after effectively granting a continuance on these issues. The father further points out that because the trial court foreclosed testimony regarding child support during the proceeding, its judgment was unsupported by evidence and must be reversed.
Rule 15, Alabama Rules of Civil Procedure, provides that a party may bring a motion to amend the pleadings on the day of the trial, and the decision to grant or deny this motion is within the discretion of the trial court. The court is to exercise its discretion liberally, particularly when the issue raised can effect a complete resolution of the cause of action. Thurman v. Thurman, 454 So.2d 995 (Ala.Civ.App.1984). Where the trial court finds that the opposing party is prejudiced by a last minute motion to amend, a continuance may be granted to allow preparation of a defense. Rule 15(b), A.R.Civ.P.
Here, it appears that the trial court granted the mother’s motion to amend the pleadings, but also granted the father’s motion for a continuance. The trial court later precluded evidence concerning the issues raised in the mother’s amended pleadings. In determining child support, the court is bound by the legal evidence or lack thereof and it cannot speculate as to the ability of the parent to pay. Pace v. Glover, 550 So.2d 1039 (Ala.Civ.App.1989). Here, the trial court refused to hear evidence of the father’s ability to pay child support; thus, it could not properly set the amount of increased support to be paid.
In its 1986 order, in which it ordered joint custody of the children, the trial court found that the father owed $680 in back child support. The father was ordered to pay this amount and he has failed to do so. In its August 21, 1990 final order, the trial court did not make any new determination of arrearage; rather, it merely enforced the prior judgment of ar-rearage. However, the court did not allow the father the opportunity at trial to present evidence of his ability to pay this arrearage. We find that the trial court *427 erred in seeking to enforce its previous order without affording the father an opportunity to defend his nonpayment.
In view of the foregoing, the issues of child support and arrearage are reversed and remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.