YATES, Judge.
Donald D. Wells, Jerry M. ’Whitaker, and John E. Williams were employed as principals with the Geneva County Board of Education. On June 7, 1990, they sought a declaratory judgment interpreting Ala. Acts 1988, Act No. 88-691, which mandated a 7.5% pay increase to certain employees of the public school system. The act provided that the pay increase was to begin “with the 1988-89 fiscal year and to continue thereaf *99 ter.” The employees contend that because them employment contracts with the Board ran from July 1,1988, through June 30,1989, their raises should have taken effect in July 1988, rather than in October 1988, and they sought a judgment declaring that they were entitled to the raises beginning July 1, 1988.
On July 11,1990, the Board answered, and the ease proceeded to trial on January 13, 1993. At the beginning of the trial, the Board filed in open court an amendment to its answer, and it counterclaimed, alleging that the principals had, in fact, “through inadvertence and mistake,” been overpaid. The Board asked the court to order them to return the overpayment.
After hearing ore tenus evidence, the trial court entered a judgment declaring:
“1. that the pay raise mandated by Act 88-691 was expressly slated by the Alabama Legislature to begin with the 1988-1989 Fiscal Year and to continue thereafter,
“2. that the Fiscal Year for both the State of Alabama and Geneva County Board of Education begins October 1 of each year; that the defendant Board has paid the plaintiffs the 7.5 percent pay raise according to law and are not obligated to pay the plaintiffs back pay retroactive to July 1, 1988,
“3. that the plaintiffs were not entitled to any pay raise until October 1, 1988, when Act 88-691 expressly provided that the pay raise was to take effect,
“4. that the Defendant Board has made the following overpayments of salary by mistake,
a. Plaintiff Donald Wells-$220.20
b. Plaintiff Michael Whitaker-$215.67
c. Plaintiff John Williams-$220.02”
The three principals appeal, questioning: (1) whether the trial court misconstrued the statute; and (2) whether the Board’s counterclaim was properly before the trial court.
Acts of Alabama 1988, Act No. 88-691, approved September 13,1988, pp. 26-29, provides:
“Section 1. LEGISLATIVE INTENT. It is the intent of this Act to provide a pay increase as enumerated herein to certain active public educational employees to begin with the 1988-89 fiscal year and to continue thereafter.... The Legislature directs that the pay raise provisions of this Act are to be paid from the funds from which the institution or school system receives its appropriations for the fiscal year beginning October 1, 1988.”
(Emphasis added.) Ala.Code 1975, § 16 — 1— 1(5), defines fiscal year: “From October first to September thirtieth, inclusive.” In interpreting a statute, we attempt to ascertain and effectuate the intent of the legislature. Ex parte Presse, 554 So.2d 406, 411 (Ala.1989). If the statutory language is plain and unambiguous, there exists no room for judicial construction, and this court must enforce the statute as written. Marshall County Personnel Bd. v. Marshall County, 507 So.2d 954 (Ala.Civ.App.1987).
Act No. 88-691, in plain and unequivocal language, states that the pay increase was “to begin with the 1988-89 fiscal year.” Statutorily defined, the fiscal year begins on October 1.
Next, the employees contend that it was improper for the trial court to allow the Board to amend its answer and file a counterclaim two and one-half years after filing its original answer. Allowing or not allowing a counterclaim rests within the sound discretion of the trial court, and its decision on that question will not be reversed absent a showing that it abused its discretion. Brad’s Industries, Inc. v. Coast Bank, 468 So.2d 129, 130 (Ala.1985). The proper time to assert a counterclaim is in the responsive pleading; however, Rules 13(f) and 15(a), Ala.R.Civ.P., permit a later assertion. See, Parsons Steel, Inc. v. Beasley, 600 So.2d 248 (Ala.1992). The trial court has broad discretion and may grant leave to amend unless the opposing party shows that he would be prejudiced. McElrath v. Consolidated Pipe & Supply Co., 351 So.2d 560 (Ala.1977). Counsel for the employees argued:
“Your Honor. For the Record, I would like to interpose an objection on the counterclaim. We were served with it as we sat down to try this ease and I’ve not had the opportunity to present my defenses or *100 confer with the individuals with regard to it or to conduct any discovery with regard to it, other than obtain a copy of the minutes, which I obtained for purposes of the original case.
“We would have statute of limitations defenses very possibly.... So, we would object to the counterclaim and move to strike it.”
We have held that if a last-minute motion to amend prejudices an opposing party, the court may permit a continuance to allow the other party to prepare a defense. Morrison v. Morrison, 587 So.2d 423 (Ala.Civ.App 1991). Our Supreme Court has held that one remedy available to an opposing party needing time to prepare a defense is to request a continuance. McElrath, supra. The employees failed to make such a request.
We are not persuaded that the employees were unduly prejudiced when the trial court allowed the Board to amend its answer and counterclaim. The counterclaim was based upon the same set of facts and logically related to the original claim. See, Baker v. Heatherwood Homeowners Ass’n, 587 So.2d 938 (Ala.1991).
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.