PITTMAN, Judge.
. . Victoria Thomaston Cato (“the wife”) has petitioned this court for a writ of mandamus directing the Jefferson Circuit Court to grant the wife’s motion for leave to amend her answer to a divorce complaint, which will allow her to assert ,a counterclaim. We grant the wife’s petition in part and deny it in part.
Procedural History
The wife and William Lee Cato (“the husband”) were married in 1988. In April 2015, the husband filed a complaint requesting the trial court to divorce him from the wife and to order “a fair and equitable division of all property acquired by the parties during the marriage.” The wife filed an answer to the husband’s complaint, but she did not assert a counterclaim.
A trial was commenced in June 2016. The husband, who was the first witness called to testify, was questioned, by his counsel regarding the value of the marital *682 assets, and he testified as to how he would like the trial court to divide those assets. On cross-examination, the husband responded to questions regarding his alleged dissipation of assets and alléged adulterous behavior. The husband, however, objected when the wife’s counsel questioned him regarding one of his retirement accounts. As the basis for his objection, the husband pointed out that the wife had not filed a counterclaim, which prompted a discussion among the trial court and the parties that resulted in a continuance of the trial so the parties could submit legal memorandums as to whether the wife should be allowed to amend her answer to assert a counterclaim.
Thereafter, the wife filed a motion requesting the trial court to allow her leave to amend her answer to assert a counterclaim for a divorce, an equitable division of the marital property and the marital debts, an award of alimony, and an award of attorney’s fees. Alternatively, the wife requested the trial court to declare that “issues tried by implied consent should be treated as if they were raised in the pleadings.” The trial court denied the wife’s motion without stating its reasons for doing so.
Thereafter, the wife filed a “motion to reconsider and motion in limine,” in which she asserted, among other things, that she should at least be allowed to present evidence of the value of the marital property and of the parties’ earning capacities. The trial court entered an order purporting to deny the wife’s motion to reconsider, but ruling that she would be allowed to present “evidence on cross-examination as to the value of the marital assets.” Within the presumptively reasonable time for seeking review of the trial court’s order denying the wife’s initial motion seeking leave to amend, see Rule 21(a)(3), Ala. R. App. P., the wife timely petitioned this court for a writ of mandamus.
Discussion
“Mandamus is an extraordinary remedy and will be granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala. 2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991)). As the wife points out, our supreme court has indicated that appellate courts may issue the writ of mandamus if a trial court acts outside its discretion in denying a party leave to amend a pleading. See, e.g., Ex parte DePaola, 46 So.3d 884, 885 (Ala. 2010); and Ex parte Liberty Nat’l Life Ins. Co., 858 So.2d 950, 952 (Ala. 2003).
Rule 13(f), Ala. R. Civ. P., provides that, “[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.” The amendment of pleadings generally is governed by Rule 15, Ala. R. Civ. P. Under Rule 15(a), Ala. R. Civ. P., if a party desires to amend a pleading 42 days or less before the first setting of a case for trial, the party must obtain leave of court, “and leave shall be given only upon a showing of good cause.” Under Rule 15(b), Ala. R. Civ. P., which does not contain an express “good cause” requirement,
“[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be *683 necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be sub-served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party’s action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The [cjourt is to be liberal in granting permission to amend when justice so requires.”[1]
We agree with the wife that she should be allowed to amend her answer to assert a counterclaim for her equitable share of the parties’ marital property. The husband himself averred in his complaint that the parties had accumulated marital property, and he asked the trial court to equitably divide the same. Before the trial, the husband filed a motion requesting the trial court to enter an order ruling that certain specific property that he had inherited should not be considered marital property subject to division by the trial court.[2]
During the trial, the husband testified regarding the value of the property that he considered to be marital property and specified to the trial court how he would like that property to be divided. The husband was also questioned, without objection, about dissipation of marital assets and his alleged adulterous behavior. It was not until the wife’s counsel questioned the husband about the value of a particular retirement account that the husband objected, purportedly based on the wife’s failure to file a counterclaim.
The husband acknowledges in his answer to the wife’s mandamus petition that, after the trial court initially denied the wife’s motion for leave to amend, the trial court entered an order specifically stating that “[t]he [husband’s] objection to the introduction of evidence on cross-examination as to the value of the marital assets is Overruled.” Consistent with that ruling, the husband suggests in his answer to the wife’s mandamus petition that the trial court has determined that the wife indeed will be allowed to seek her share of the marital assets, and the husband expressly *684 concedes that the wife is entitled to do so.' Accordingly, we perceive no reason the wife should not have been allowed to formally amend her answer to assert a counterclaim for the equitable division of the marital property. Thus, we issue the writ of mandamus and direct the trial court to allow the wife to amend her answer to assert such a claim. Cf. Johnson v. Johnson, 444 So.2d 867, 869 (Ala. Civ. App. 1984) (holding that a wife’s divorce complaint was deemed amended under Rule 15(b) to include 'a claim for alimony because “alimony was an issue before the trial court and was presented to the court without objection”).
The husband argues that, even though the wife may make a claim for her share of the marital assets, she should not be allowed to amend her answer to assert a counterclaim for alimony. In Tounzen v. Southern United Fire Insurance Co., 701 So.2d 1148, 1150 (Ala. Civ. App. 1997), this court.stated that, under Rule,15(b), Ala. R. Civ. P., if an 'unpleaded issue is not tried by the'express or implied consent of the parties, “it is incumbent on the objecting party to show that the introduction of the evidence pertinent to issues not raised in the pleadings would in some way prejudice the objecting party’s case.” Sée also Committee Comments on 1973 Adoption of Rule 15, Ala. R. Civ. P. (“If the other party does object, but fails to persuade the court that he will be prejudiced in maintaining his claim, or defense, the court, must then grant leave to amend the pleadings to allow the evidence or the issue.”); Ammons v. Tesker Mfg. Corp., 853 So.2d 210, 216 (Ala. 2002) (“ ‘If a party objects to the introduction of evidence at the trial on the ground that it is not within the issues framed by the pleadings,. he must show that he would be actually prejudiced in maintaining his action or defense on the merits by the admission of the evidence.’ ” (quoting Hawk v. Bavarian Motor Works, 342 So.2d 355, 358 (Ala. 1977)) (emphasis omitted)); and Wal-Mart Stores, Inc. v. Robbins, 707 So.2d 284, 287 (Ala. Civ. App. 1997) (stating that our “supreme court has held that amendments should be liberally granted under [Rule 15(b) ], but not in situations where' the opposing party would be unduly prejudiced”). We also note that a leading • treatise on civil procedure in federal courts indicates that, although courts are hesitant to deny leave to amend an answer to allow a party to assert a previously omitted compulsory counterclaim, “[e]ven leave to amend to file a compulsory counterclaim may be denied ... if the delay in pleading the counterclaim is deemed prejudicial.” 6 Charles A. Wright et al,, Federal Practice and Procedure § 1430 (3d ed. 2010).
In Tounzen, this court held that the plaintiffs in that case, who had objected to the defendant’s offering evidence in support of a previously unpleaded affirmative defense, had demonstratéd prejudice by the trial court’s allowance of an amendment to the defendant’s answer raising that defense because the plaintiffs had not been afforded an opportunity to conduct discovery relevant to the defense. 701 So.2d at 1151. This court also noted that the trial court in Tounzen had- denied the plaintiffs’ request for a continuance, which had been sought in order to allow the plaintiffs to prepare for the tardily raised defense. "Id. Thus, this court reversed the trial court’s judgment allowing the amendment.
In the present case, the wife asserts that, unlike the plaintiffs in Tounzen, the husband did not demonstrate that he would be prejudiced if the wife were allowed to assert a counterclaim for alimony because “no further discovery will be required, no further evidence needs to be acquired, and no further delay will einsue.” *685 In response to the wife’s motion for leave to amend, the husband asserted that he had “prepared ... based on the claims for relief ple[aded] ... which set the parameters of the litigation at trial” and that the wife’s counterclaim “would drastically change the tenor of the litigation, would interject theories and claims not otherwise ple[aded], would likely cause additional discovery to be conducted, increase the expenditure of attorney fees, and cause undue delay.”
The wife, on the other hand,- suggests that the husband had knowledge throughout this litigation that the wife would make a claim for alimony. She points to motions she filed with the trial court, in which she asserted that she was without sufficient means to support' herself and that the husband earned a substantial monthly income and requested the trial court to award her temporary spousal support pending resolution of the divorce proceedings. She notes that her request for temporary support was, at one point, continued and set to be resolved at the trial, suggesting that the parties and the trial court understood her request to be for both temporary and permanent spousal support. We acknowledge, however, that the trial court entered a subsequent order continuing the wife’s request “generally, to be reset by either party by proper motion.”[3]
The wife asserts that the parties participated in mediation, where, she says, “the expectations of both parties regarding the equitable distribution of the [marital] estate was disclosed and discussed at length including alimony ...,” although she does not point to any documentation or other evidence supporting her claim regarding what, was discussed during the mediation. For his part, the husband states in his answer to the wife’s mandamus petition that, “[a]s negotiations in > mediation are meant to be confidential ..., the husband will not favor this Court with the particulars discussed in mediation.” The husband also points out that discussions during mediation are not limited to matters that have been formally pleaded. .
Regardless of whether the husband anticipated a claim for alimony, it is clear to this court that he has proceeded throughout this litigation at least with the understanding that the equitable division of the marital property was an issue that would be resolved at trial. As noted, he requested the trial court in his complaint to divide the marital property. Early in the litigation, the wife served the husband with written discovery requests calling for the production of information and documents relating to the parties’ assets. The husband responded to those requests and designated an expert to give an opinion as to the value of the parties’ retirement accounts. Eventually, the trial date was continued in order to allow the wife to depose the husband’s expert and to retain her own. The wife filed motions with the trial court in which she averred that more than $1,000,000 in marital assets were at issue in the divorce proceedings. The husband himself filed a motion requesting the trial court to enter an order ruling that certain inherited properties were not marital assets that could be divided.
Thus, the husband essentially concedes that he was prepared to present evidence relating to the issue of .property division, notwithstanding the wife’s failure to file a counterclaim. That same evidence is also relevant to alimony. See Pate v. Pate, 849 So.2d 972, 976 (Ala. Civ. App. 2002) (“The *686 issues of property division and alimony are interrelated, and they must be considered together.”); Turnbo v. Turnbo, 938 So.2d 425, 430 (Ala. Civ. App. 2006) (“In dividing property and awarding alimony, a trial court should consider ‘the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; [the parties’] station[s] in life; the marital properties and their sources, values, and types; and the conduct of the parties in relation to the cause of the divorce.’ ” (quoting Russell v. Russell, 777 So.2d 731, 733 (Ala. Civ. App. 2000))); and Golson v. Golson, 471 So.2d 426, 429 (Ala. Civ. App. 1985) (“In determining whether and how much alimony to award, the trial court should consider the same factors ... which it considers in making a division of the parties’ property.”).
Accordingly, this court fails to see how the husband will need to conduct further discovery regarding the issue of alimony. It is noteworthy that the husband has not identified any specific subjects upon which he would need further discovery. He also does not offer specific examples in support of his assertion that “his presentation of the evidence during his case-in-chief would have differed drastically if the wife would have filed a counterclaim prior to the beginning of the trial.” In any event, we note that the husband was the first and only witness called during the trial, and he had not completed his case-in-chief when the trial was continued to allow the parties to file legal memorandums regarding the wife’s request to amend her answer. If the wife is allowed to assert a counterclaim for alimony, equity requires that the husband be allowed to offer additional testimony on that issue.
Notwithstanding the issue of prejudice, the husband points to Blackmon v. Nexity Financial Corp., 953 So.2d 1180 (Ala. 2006), in which our supreme court noted that a trial court may “refuse to allow an amendment ... for reasons of ‘undue delay.’ ” 953 So.2d at 1189 (quoting Ex parte GRE Ins. Grp., 822 So.2d 388, 390 (Ala. 2001)). As the husband points out, in Blackmon, the supreme court indicated that there are two types of “undue delay,” one of which includes “an unexplained undue delay in filing an amendment when the party has had sufficient opportunity to discover the facts necessary to file the amendment earlier. ...” 953 So.2d at 1189.
Other precedent, however, indicates that a party objecting to a proposed amendment must show that the amendment would cause prejudice, would result in further delay, or was itself delayed in bad faith. See, e.g., Schoen v. Styron, 480 So.2d 1187, 1190 (Ala. 1985) (“Although ... plaintiff probably should have amended his complaint before he did, the evidence does not indicate that his failure to amend at an earlier date was an intentional dilatory tactic or was otherwise motivated by bad faith. And, absent bad faith, ‘delay alone, regardless of its length, is not enough to bar [amendment] if the other party is not prejudiced.’” (quoting 3 J. Moore, Moore’s Federal Practice ¶ 15.08[4] (2d ed. 1985))); Bracy v. Sippial Elec. Co., 379 So.2d 582, 584 (Ala. 1980) (“The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar an amendment.” “We cannot say that [the defendant] suffered actual prejudice or that the trial would be unduly delayed by allowing the amendment.”); Wells v. Geneva Cty. Bd. of Educ., 646 So.2d 98, 100 (Ala. Civ. App. 1994) (‘We are not persuaded that the [plaintiffs] were unduly prejudiced when the trial court allowed the [defendant] to amend its answer and counterclaim. The counterclaim was based upon the same set of facts and logically related *687 to the original claim.”); and United Handicapped Indus. of Am. v. National Bank of Commerce, 386 So.2d 437, 441-42 (Ala. Civ. App. 1980) (“Although sufficient grounds [to deny a request for leave to amend] exist if granting the motion will unduly delay trial on the issues or unduly prejudice opposing parties, neither delay in and of itself, unless motivated by bad faith, nor the fact that the proposed amendment may well be the result of the afterthought of counsel as to the best theory on which to proceed, suffice as reasons for denying leave to amend”). But see Hughes v. Wallace, 429 So.2d 981, 983 (Ala. 1983) (affirming a trial court’s denial of a defendant’s motion to amend his answer, made during the trial, in order to raise a previously unpleaded affirmative defense, because the defendant had “advanced no justifiable reason for failing to raise the defense earlier”); and McElrath v. Consolidated Pipe & Supply Co., 351 So.2d 560, 565 (Ala. 1977) (reversing a trial court’s denial of a defendant’s request, made on the first day of trial, for leave to amend a counterclaim, noting that “there is no evidence that the amendment could have been made earlier,” but also noting that “[t]he record does not disclose a scintilla of evidence that the ... amendment was interposed in a dilatory manner”).
We note that the parties in the present case appear to agree that the wife’s request for alimony would constitute a compulsory counterclaim. Blackmon did not involve a request for leave to amend an answer in order to assert a compulsory counterclaim. See McElrath, 351 So.2d at 565 (suggesting that, if a defendant seeks to assert a compulsory counterclaim, such circumstance weighs in favor of granting leave to amend); Wells v. Geneva Cty. Bd. of Educ., supra; and 6 Charles A. Wright et ah, Federal Practice and Procedure § 1430 (3d ed. 2010) (“[T]he court normally will be more willing to grant leave to amend when a [compulsory] counterclaim is involved than when a [permissive] counterclaim is at stake.”). But see Walker v. North Am. Sav. Bank, 142 So.3d 590, 602 (Ala. Civ. App. 2013) (assuming without deciding that counterclaims were compulsory, and affirming the trial court’s disal-lowance of the counterclaims in part because the defendants “had been aware of the facts supporting all the counterclaims at the time [they] answered the [plaintiffs] complaint”).[4]
Finally, Blackmon was not a divorce case, and this court has suggested that a trial court in a divorce proceeding may award alimony, even if not requested in a pleading, if property division is an issue to be resolved at trial. See Lacy v. Lacy, 403 So.2d 251, 253 (Ala. Civ. App. 1981) (“[W]e note that the wife, in her petition for divorce, requested an equitable division of property, as well as such other relief to which she may be entitled. Such a request indicated that the parties were aware that the finances of the parties and/or the support of the wife were issues to be determined by the trial court.”).
We agree with the wife that the husband did not demonstrate that he would be prejudiced if the wife were allowed to amend her answer to assert a counterclaim for alimony and that the wife’s delay, in and of itself, was not a sufficient ground to deny her leave. Accordingly, we issue the writ of mandamus and direct the trial court to allow the wife to so amend her answer.
As for attorney’s fees, although not entirely clear, it appears that the trial *688 court, by continuing the wife’s pretrial motion requesting attorney’s fees to the date of trial and, later, generally “to be reset by either party by proper motion,” has not foreclosed the possibility of awarding the wife fees. The vast majority of the wife’s arguments in support of her mandamus petition relate to property division and alimony. We conclude that she has not demonstrated a clear legal right to formally amend her answer in order to assert a counterclaim for attorney’s fees, and, accordingly, we deny the wife’s petition as to that issue.[5]
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Thompson, P.J., and Thomas and Donaldson, JJ,, concur.
Moore, J., concurs in the result, without writing. ■

. A leading treatise on civil procedure in Alabama suggests that Rule 15 should prevail over Rule 13(f) in analyzing whether a party should be allowed to amend an answer in order to assert a counterclaim. See 1 Ally Windsor Howell, Alabama Rules of Civil Procedure Annotated, Rule 15, § 15.3, pp. 423-24 (4th ed. 2004). See also Starr v. Wilson, 11 So.3d 846, 849 n.1 (Ala. Civ. App. 2008) ("Although Rule 13(f), Ala. R. Civ. P., appears to require leave of court to assert a counterclaim omitted from a defendant’s answer, Rule 15(a), Ala. R. Civ. P., permits amendment of any pleading as of right on or before the 42d day before the first setting of a case for trial; because the case had not been set for a trial at the time [the plaintiff] filed his counterclaim, Rule 15(a) may properly be said to prevail over Rule 13(f) here so as to render the counterclaim proper without leave of court.’’). Accordingly, in addition to Rule 13(f), we consider Rule 15 in reviewing the trial court’s denial of the wife's motion for leave to amend.

. This court expresses no opinion as to what is and is not divisible marital property in this case.

. The wife’s motion also requested the trial court to direct the husband to pay the wife’s attorney’s fees.

. Moreover, the court in Blackmon applied Rule 15(a), Ala. R. Civ. P., and had no occasion to consider Rule 15(b), Ala. R. Civ. P.

. The court also notes that the wife has not articulated a persuasive argument that' a counterclaim simply is not required in order for a defendant in a divorce case to make claims for the division of marital property, alimony, or attorney’s fees, and we decline to express an opinion on that issue.